HALE *v*. CONTINENTAL LIFE INS. CO.

*(Circuit Court, D. Vermont.    May 23, 1884.)*

LIFE INSURANCE COMPANY—DIVIDENDS—POLICY OF DIRECTORS—FAILURE TO ANSWER—CONFESSION OF BILL.
    When the question in a suit in equity, as shown by the bill, is whether the policy of the directors of an insurance company in declaring dividends has been lawful and right, and the defendant fails to answer this question after repeated allowances of exceptions for failure to answer the point, the orator is entitled to take the bill as confessed, so far as this point is concerned.

In Equity.
*Gilbert A. Davis,* for orator.
*Charles W. Porter,* for defendant.

WHEELER, J.    The defendant has not yet answered and set forth its profits during the years in question out of which dividends were or might have been declared, nor any reason for not setting them forth.    It has stated the policy of its directors in respect to dividends, and their reasons for adopting the policy which they did adopt; but those matters were not what were required for answer, nor the subject of the exceptions.    The defendant assumed to make profits from its assets derived from premiums paid by policy-holders, in which some or all of the policy-holders were entitled to participate by way of dividends, and the orator was among those so entitled.    The answer and its amendments show that the directors made dividends, but does not show the amount of profits from which the dividends were made. To make such dividends there must have been an ascertainment of the profits of the company as a basis of the dividends.    This basis, as ascertained by the directors, with the declaration of dividends by them, would or should be matters of record, and be very easy of statement from the records.    It is not shown that those are not full and complete records in all these respects ready to be answered from. The course and policy of the directors may have been lawful and right, and may not.    Whether so or not, is not the question now.    The orator is entitled to a statement of the facts in the answer as a part of his case as made and charged by his bill.    This statement is not forthcoming after repeated allowance of exceptions to the want of these plain and obvious facts.    The exceptions are substantially the same as those allowed before, and under the sixty-fourth rule in

equity the orator is entitled to take the bill, so far as the matter of these exceptions is concerned, as confessed.

The exceptions are again allowed, and leave to take so much of bill as confessed, granted.